# UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
## LMM CHAPTER 13 PLAN (Individual Adjustment of Debts)

### XX FIRST AMENDED PLAN (Indicate 1ˢᵗ, 2ⁿᵈ, etc. amended, if applicable)

DEBTOR: Ralph Sanders CASE NO. 14-12147-BKC-JKO

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 60 months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

A. $2,784.36 for months 1 to 13; and
B. $3,000.19 for months 14 to 60 in order to pay the following creditors:

Administrative: Total Fee $7450.00        Total Paid $2000.00
        Attorney's Fee - $3,650.00 ($3,500.00 plus $150.00 costs)
        LMM Fee $2500.00, motion to strip 2ⁿᵈ Mortgage $775.00
        Motion to Avoid Judicial Liens $525.00
        Balance Due  $5450.00 payable $419.24/mo  (Mos. 1 to 13)

Secured Creditors:  [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

Wells Fargo Home Mortgage         Arrearage on petition Date N/A
8480 Stage Coach Circle         Arrears Payment N/A
Frederick MD 21701         LMM Payment $2112.00 /mo. (Mos. 1 to 60)
#9122         (Includes prorated insurance and taxes)

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| Small Business Administration 801 Tom Martin Dr, #120 Birmingham AL 35211 #6003 | 561 SW 60 Ave Plantation FL 33317 $220,000.00 | 0 | 0 | 0 | 0 |

Priority Creditors: [as defined in 11 U.S.C. §507] - NONE

Unsecured Creditors:  Pay $615.45 /mo. (Months 14 to 60). Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

_____
RALPH SANDERS, Debtor

Other Provisions Not Included Above:  The Debtor to file a Verified Motion for Referral to LMM with Wells Fargo Home Mortgage #9122 for real property located at 561 SW 60 Ave, Plantation FL .  The parties shall comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM.  While the LMM is pending and until the trial/interim payment or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender.  All payments shall be considered timely upon receipt by the Trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only.  The Debtor shall assert any and all other objections to the Proof of Claim prior to Confirmation of the plan or the modified plan.
If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calender days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan.  The parties will then timely comply with any and all requirements necessary to complete the settlement.  In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the Trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered.  If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated as outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered.  Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

Debtor to surrender: 900 SW 11th Ave, Ft Lauderdale FL 33315 to: Pennymac Loan Services #6854.

In the event the debtor recovers any non-exempt proceeds from their pending lawsuit, those proceeds will be placed in the Debtor's Attorney's Trust Account and turned over to the Chapter 13 Trustee for the benefit of the unsecured creditors over and above what is provided for in the plan up to 100% of allowed unsecured claims.

RALPH SANDERS, Debtor

Dated:  7/3/14