United States Bankruptcy Court
Southern District of Florida

In re:                                                          Case No. 14-12147-JKO
Ralph L Sanders                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-0          User: shafronj           Page 1 of 1           Date Rcvd: Aug 26, 2014
                              Form ID: CGFD26          Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 28, 2014.
```
db          +Ralph L Sanders,    561 SW 60 Ave,    Plantation, FL 33317-3947
smg         +Broward County Tax Collector,    115 S Andrews Ave,    Ft Lauderdale, FL 33301-1818
smg          Florida Department of Revenue,    POB 6668,    Bankruptcy Division,    Tallahassee, FL  32314-6668
92014051    +Albertelli Law,    POB 23028,    Tampa, FL 33623-2028
92014052     Atty General of the US,    950 Pennsylvania Ave NW, #4400,    Washington, DC 20530-0001
92014053     Bank of America,    POB 15019,    Wilmington, DE 19886-5019
92014054    +Central Finl Control,    POB 66044,    Anaheim, CA 92816-6044
92014055    +First Federal Credit,    24700 Chagrin Blvd,    Cleveland, OH 44122-5662
92363352    +Sherry Lempka,    1013 SW 9th Street,    Ft. Lauderdale, FL 33315-1115
92014059    +Sirote & Permutt PC,    200 E Broward Blvd #900,    Fort Lauderdale, FL 33301-1815
92339164    +Small Business Administration,    National Disaster Loan Resolution Center,
              200 W. Santa Ana Boulevard, Suite 180,    Santa Ana, CA 92701-4134
92014061    +Sprechman & Associates, PA,    2775 Sunny Isles Blvd, #100,    North Miami Beach, FL 33160-4078
92014062    +Stellar Recovery Inc,    1327 Highway 2 West,    Kalispell, MT 59901-3413
92014063    +US Attorney,    Southern District of Florida,    99 NE 4 St,    Miami, FL 33132-2131
92014064   ++WELLS FARGO BANK NA,     WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
              ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
             (address filed with court: Wells Fargo Hm Mortgage,     8480 Stagecoach Cir,    Frederick, MD 21701)
92363015    +Wells Fargo Bank, N.A.,    Attention: Bankruptcy Dept.,    MAC D3347-014,    3476 Stateview Blvd.,
              Fort Mill, SC 29715-7203
92294431    +Westside Regional Medica,    Resurgent Capital Services,    PO Box 1927,
              Greenville, SC 29602-1927
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
92138085    +E-mail/Text: g17768@att.com Aug 27 2014 00:12:42      BellSouth Telecommunications, Inc.,
              % AT&T Services, Inc,    Karen Cavagnaro, Paralegal,    One AT&T Way, Room 3A104,
              Bedminster, NJ 07921-2693
92014056    +E-mail/Text: cio.bncmail@irs.gov Aug 27 2014 00:12:58      Internal Revenue Service,    POB 7346,
              Philadelphia, PA 19101-7346
92014057    +E-mail/Text: bankruptcydpt@mcmcg.com Aug 27 2014 00:13:36      Midland Credit Management,
              8875 Aero Dr, Suite 200,    San Diego, CA 92123-2255
92014060    +E-mail/Text: birminghamtops@sba.gov Aug 27 2014 00:14:11      Small Business Administration,
              801 Tom Martin Dr  #120,    Birmingham, AL 35211-6424
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
92014058   ##+Pennymac Loan Services,    27001 Agoura Rd,    Calabasas, CA 91301-5339
                                                                                              TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 28, 2014                                          Signature: /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 26, 2014 at the address(es) listed below:
              Austin M Noel    on behalf of Creditor    The Bank Of New York Mellon bkfl@albertellilaw.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Robert J. Bigge Jr., Esq    on behalf of Debtor Ralph L Sanders brpa@biggerodriguez.com
              Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com
                                                                                              TOTAL: 4

**CGFD26** (12/20/11)



ORDERED in the Southern District of Florida on August 26, 2014



**John K Olson**
United States Bankruptcy Judge

# United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 14–12147–JKO**

**Chapter: 13**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Ralph L Sanders
561 SW 60 Ave
Plantation, FL 33317

SSN: xxx–xx–6171

## ORDER CONFIRMING CHAPTER 13 PLAN

     This cause came before the court on 8/4/14 for confirmation of the debtor's proposed First amended chapter 13 plan pursuant to Local Rule 3015–3(B)(2). Based on the record, including the debtor's "Certificate of Compliance and Request for Confirmation on Chapter 13 Plan", it is

**ORDERED** as follows:

1. The debtor's chapter 13 plan (the "Plan") meets with the provisions of 11 U.S.C. § 1325 and, if applicable, § 521 and 1308, and is, therefore, confirmed in accordance with its terms.

*Page 1 of 3*

2. Any claim entitled to priority under 11 U.S.C. § 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. § 1322(a)(2), with postpetition interest as required by 11 U.S.C. § 506(b) payable on the secured portion of the claim.

3. The debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following January 29, 2014, the date the petition was filed, or within 30 days from the date of conversion to chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this order.

4. If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor which secures the creditor's claim.

5. Any executory contract or unexpired lease of the debtor which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Plan confirmed by this order, is deemed rejected upon entry of this order.

6. If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the debtor, the following provisions shall apply:

    A. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

    B. The Tax Collector shall be served with any order entered post–confirmation which (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Chapter 13 Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Chapter 13 Trustee's website.

    C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the Court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

7. Pursuant to Local Rule 3070–1(C)(2), if the debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the debtor and the debtor's attorney. The debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45–day period. If the debtor is seeking to cure the delinquency in a modified plan the debtor must file a motion to modify the confirmed plan within 14 days of the date of the "Notice of Delinquency". If the debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency", the Trustee shall file and serve a report of non–compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor filing any new bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The court will not extend these deadlines absent extraordinary circumstances.

8. To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

The clerk shall serve a copy of this order on all parties of record.

# # #